ROBERTSON, Plaintiff-Appellant v. ROBERTSON, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3495. Decided April 20, 1943.

**110**

Ralph H. Henney, Columbus and Alfred J. Henney, Columbus, for plaintiff-appellant.

C. M. Addison, Columbus and Charles R. Doll, Columbus, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is in this court upon appeal on law and fact from a judgment of the Court of Common Pleas of Franklin county. It had its origin on the petition of plaintiff-appellant for an order of the court quieting title to the real estate in the plaintiff, under the contract entered into by the parties.

The plaintiff alleges that he and the defendant, while husband and wife, were the owners of a certain piece of real estate located in Columbus; that on March 12, 1934, he and the defendant entered into an agreement of separation by the terms of which the custody of a certain minor was entrusted to the defendant and the plaintiff agreed to pay the defendant for the support thereof the sum of $1.00 per day for the period of the year next ensuing, and help purchase all clothing of said child until it became eighteen years of age. Said contract provided that in completion thereof the defendant would execute, on the request of the plaintiff, all documents necessary to release the premises from any right of the defendant. It is alleged that under said agreement the plaintiff paid to the defendant sums aggregating $264.00 and also helped in the purchase of clothing for the child; that on the 30th day of December, 1940, the plaintiff tendered to the defendant $135.00, the same being the amount still due on said contract and requested that she execute a quit-claim deed which defendant failed to do, and refused to accept said sum which plaintiff tendered into court. The prayer is for an order discharging the premises from any interest held by the defendant and an order quieting title in the premises.

The defendant answers, admitting certain matters, including the fact that she and the plaintiff entered into a separation agreement.

She denies that the plaintiff has carried out and performed the terms and conditions of the contract, and alleges that he has failed to perform the same, and has breached said contract, and the defendant elects to treat said breach of said contract as terminating and ending all rights of the respective parties. She prays that the contract set out may be declared null and void. As a cross-petition, she alleges her right to the undivided interest in the premises described, and that she is a tenant in common with the defendant in the said premises, and that she desires her interest to be set off to her in severalty. She sets up the fact that the premises are encumbered with a mortgage to the Park Federal Savings & Loan Association. She prays for a partition and an accounting for rents and profits.

The Savings & Loan Association sets up its claim for $1828.36, secured by mortgage, which is now a lien upon the premises.

The evidence discloses the fact that the contract, specific performance of which is sought, was entered into as alleged in the petition. Soon after the decree for divorce was granted, the plaintiff in the divorce case left Columbus for a period of time during which the plaintiff-appellant paid nothing for the support of the child. Later, a contempt proceeding was brought, but dismissed on jurisdictional grounds. Thereupon, the former wife brought action for partition, which she alleges she was coerced into dismissal by threats made by her former husband in reference to the child. During the time the contempt proceedings were before the court in 1935, the present defendant-appellee tendered to the plaintiff-appellant a deed for the premises, demanding $365.00 then due. The plaintiff-appellant refused to accept the deed or pay the money and paid nothing upon the contract for the year 1935. The plaintiff-appellant claims that he paid on the contract $264.00, but made no other payments thereon until January 17, 1941, seven years after the execution of the contract. He then came into court admitting an existing indebtedness to the defendant of $135.00 which he tendered into court, asking specific performance of the contract. Defendant-appellee refused to accept this sum or to sign the deed. The defendant-appellee testifies in reference to the payment to be made under the contract that she wanted something to go on for twelve months, but did not get it.

We are favored with a carefully considered decision by the court below rendered on the 13th day of January, 1942. The court recites at length the difficulties between the parties and also that a contract was executed and points out that the child whose sup-

port was provided for was not the blood relative of either of the parties, but one whom they had secured through the office of their doctor. The court states that the evidence shows that the plaintiff did not perform his part of the contract as agreed. His own pleading discloses that he made no payments during the years 1934 or 1935 and that he had contributed very little toward the clothing of the child; that the defendant had contributed materially toward the purchase of and payment of the real estate. The court below holds that the contract was breached by the plaintiff-appellant and that he thereby forfeited any right he might have had to secure a specific performance; that there being no doubt that the plaintiff has failed to perform the condition of the contract he does not come into court with the right to demand the relief he prays for. The court dismisses the petition of the plaintiff and grants the prayer of the defendant's cross-petition for a partition of the real estate.

We have examined the record and bill of exceptions and are satisfied that the court below, did not err in the judgment

Many cases might be cited touching the right to specific performance, but we satisfy ourselves with one, **Naughton v. The Morford-Wood Co., 90 Oh. St., 61,** the syllabus of which is as follows:

"Relief by specific performance being within the discretion of the court to be exercised in accordance with the established doctrines and principles of equity, it will be denied when the conduct of the party seeking it has been violative of the reasonable and known expectations of his adversary and the purpose for which it is sought is oppressive and inequitable."

See also 58 C. J., pages 1065-1066.

It occurs to us that it might well be that at the time the contract was made in 1934 the value of the property was so depressed that there was little equity after the payment of the then existing mortgage. Since that time the mortgage has been decreased by payments made by the former wife and the value of the property has increased and consequently the defendant-appellee has good reason to wish to avoid the specific performance as provided in the contract, and seven years having elapsed she has very definite right to declare the contract forfeited and refuse to be bound by its terms.

Judgment for defendant-appellee.

BARNES, P. J., and HORNBECK, J., concur.